**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MAITLAND, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-00779-JDW** |
| | : | |
| **THOMAS BUSH,** *et al.,* | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

William Maitland, Jr. claims that after he filed Right To Know requests, police officers retaliated against him by placing him under surveillance. But he hasn't alleged what involvement, if any, the individual officers he has named as defendants had in that conduct. Nor has he alleged the existence of policies and procedures to hold those officers liable in their official capacities. And he hasn't alleged facts to suggest the existence of a conspiracy. I will therefore dismiss his Complaint. I will do so without prejudice and give him an opportunity to file an amended pleading that adds details, if he can do so truthfully and in good faith.

**I.    BACKGROUND**[1]

Mr. Maitland makes reference in his Complaint to a request that he filed under Pennsylvania's Right To Know Law ("RTKL"). Although he doesn't specify the request at

---

[1] Mr. Maitland's Complaint consists of the Court's preprinted form available for unrepresented litigants to use to file civil rights claims and additional typed pages. I deem the entire submission to constitute the Complaint. Where I quote from the Complaint, I will clean up spelling, punctuation, capitalization, and grammar as needed.

issue, public records reveal at least two proceedings, captioned *William Maitland v. Springfield Twp,* and *William Maitland v. Upper Chichester Twp. Police Dept.,* both from 2025. At some point, both were pending before Pennsylvania's Office of Open Records, though I do not know the status of either proceeding.

Mr. Maitland alleges surveilled him in retaliation for his RTKL requests. According to him, they "coordinated a 'Blue Halo' surveillance mesh across Aston, Upper Chichester, and Springfield Townships to monitor [his] movements." (ECF No. 2 at p. 5.) He seeks a temporary restraining order against them, asserting they have "engaged in escalated physical intimidation, including high-risk vehicular maneuvers [that endangered] Plaintiff and his elderly father." (*Id.* at 8.) He alleges that the conduct "is a direct attempt to intimidate [him] from pursuing his civil rights action and his RTKR appeals" and asks me to order them "to immediately cease all physical surveillance, 'Blue Halo' tracking, and vehicular contact with Plaintiff and his family members" pending a hearing. (*Id.*) He states that he has preserved video evidence to support his claims, including footage of an incident on February 4, 2026, where he and his father "were targeted with high-risk 'cut-off' maneuvers by unmarked law enforcement vehicles." (*Id.* at 10.)

Mr. Maitland asserts claims under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments, as well as a civil rights conspiracy in violation of 42 U.S.C. §§ 1985 and 1986. He names as defendants Upper Chichester Police Chief Thomas D. Bush and Lieutenant Christopher Jones and Springfield Township Chief of Police Jeffrey Schull

and Patrol Sergeant Thomas Gianchristoforo, naming each of them in their individual and official capacities. He seeks to proceed *in forma pauperis*. He filed a motion for a temporary restraining order on February 5, 2026, and two subsequent motions asking to restrain the officers' conduct on February 28, 2026, and March 6, 2026, respectively.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

3

## III.    ANALYSIS

### A.    *In Forma Pauperis*

Mr. Maitland has completed the Court's required forms and attested under penalty of perjury that he lacks the income or assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*.

### B.    Plausibility Of Claims

#### 1.    Individual capacity Section 1983 claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mr. Maitland names the two police chiefs and the two police officers as Defendants, but he does not state in his Complaint how any of the four were personally involved in the incidents he describes. Indeed, other than listing them as parties, he does not mention any of them in the body of the Complaint. All of his allegations reference "Defendants" collectively rather than describing conduct attributable to any of the people he has named. Where there are multiple events and defendants at issue, a plaintiff cannot allege personal involvement by repeatedly and collectively referring to the "Defendants" as a

4

group without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Because Mr. Maitland fails to allege how each named Defendant was personally involved in a violation of his civil rights, his claims against the Defendants in their individual capacities are not plausible.[2]

### 2.    Official capacity claims

Mr. Maitland names each Defendant in his official capacity. Claims against municipal officials named in their official capacity are the same as claims against the municipalities that employ them, here Upper Chichester and Springfield Townships. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

---

[2] For each claim, Mr. Maitland must allege facts that would demonstrate the essential elements of each of his claims as to each defendant. The elements of a First Amendment retaliation claim brought under § 1983 are that the plaintiff (1) engaged in constitutionally protected conduct; (2) suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" *United States v. Salerno*, 481 U.S. 739, 746 (1987).

Although local governments can be liable as "persons" under § 1983, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Thus, to state an official capacity / municipal liability claim, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). He can do so "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that paraphrase the standard for municipal liability are too vague and generalized to support a claim against the municipality. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021). "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Mr. Maitland makes no allegations concerning municipal policies or customs of Upper Chichester or Springfield Townships. It therefore follows that he doesn't allege how

those policies or customs proximately caused him injury. He also has not stated a plausible underlying claim. Therefore, his official capacity claims are not plausible.

### 3.    Conspiracy claims

Section 1985(3) creates a cause of action against any two persons who "conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (a) a conspiracy; (b) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (c) an act in furtherance of the conspiracy; and (d) an injury to a person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). The "language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). A plaintiff must allege specific facts to sustain a § 1985(3) claim. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615

7

F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Mr. Maitland's conspiracy claim is not plausible. He fails to allege the kind of particularized facts from which one could infer the existence of a conspiratorial agreement. He also fails to allege that the object of the conspiracy was motivated by a racial or otherwise class-based invidiously discriminatory animus. The § 1986 claim also fails because § 1986 does not create an independent cause of action. *Black v. Bayer*, 672 F.2d 309, 312-13 n. 4 (3d Cir. 1982). Rather, § 1986 claims are derived from § 1985 claims, so that "plaintiff's § 1986 claim would fail with his § 1985 claim," if he has not stated a claim under Section 1985. *Id*.

## IV.   CONCLUSION

Mr. Maitland's claims are not plausible, so I will dismiss his Complaint. In addition, I will deny his motion for a temporary restraining order because, without a plausible claim, he cannot show a likelihood of success on the merits. I will grant Mr. Maitland an opportunity to file an amended complaint to allege, if he is able, additional facts to cure the defects that I have identified in his claims. An appropriate Order follows with additional information on amendment.[3]

---

[3] The Order also denies Mr. Maitland's request for permission to file electronically using the CM/ECF docketing system. Under this Court's Local Civil Rules, a *pro se* party's request to file documents via the CM/ECF system is subject to the complete discretion of the judge to grant, deny, or revoke that privilege. *See* E.D. Pa. L. Civ. R. 5.1.2 (3)(b). Mr. Maitland's request for CM/ECF filing privileges states that he has the technical capacity to

**BY THE COURT:**

*/s/ Joshua D. Wolson*
_____
JOSHUA D. WOLSON, J.

March 11, 2026

---

use the system, his situation is time sensitive, and allowing ECF filing "will allow for the immediate submission of evidence and ensure that all parties receive electronic notice of filings without delays associated with traditional mail." (ECF No. 7 at 1.) To date Mr. Maitland has filed his documents using the Court's Electronic Document Submission ("EDS") tool designed for the use of *pro se* litigants and does not state any reason why that tool is insufficient for his needs. Notably, under Federal Rule of Civil Procedure 5, a party may serve a paper on another party by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). Accordingly, Mr. Maitland may serve any paper on adverse parties by filing it through EDS, which, if his case proceeds past screening and is served, will alert registered users that the file has been submitted on the CM/ECF system, and he thus will have no need to provide separate service by mail.