**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM MAITLAND, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:26-cv-00779-JDW |
| | : | |
| THOMAS BUSH, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

When I dismissed William Maitland, Jr.'s civil rights complaint, I gave him an opportunity to file an amended pleading to add details, if he could do so truthfully and in good faith, to make his claims plausible. *Maitland v. Bush*, No. 26-779, 2026 WL 688302, at *1 (E.D. Pa. Mar. 11, 2026). He filed an Amended Complaint, but it doesn't assert plausible claims, so I will dismiss the case with prejudice.

## I. BACKGROUND[1]

Mr. Maitland's original complaint asserted individual and official capacity claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Upper Chichester Police Chief Thomas D. Bush and Lieutenant Christopher Jones, and Springfield Township Chief of Police Jeffrey Schull and Patrol Sergeant Thomas Gianchristoforo, claiming officers surveilled him in retaliation for filing Right To Know Law requests. *Maitland*, 2026 WL 688302 at *1. I

---

[1] Unless otherwise stated, I have taken the allegations are taken from Mr. Maitland's four page Amended Complaint. (ECF No. 15.) Where I quote from the material, I have cleaned up spelling, punctuation, capitalization, and grammar as needed.

dismissed his individual capacity § 1983 claims because he didn't allege the personal involvement of any of the four Defendants in any of the incidents he described. I dismissed his official capacity claims and municipal liability claims because he didn't allege a plausible basis for municipal liability. I dismissed his civil rights conspiracy claims because his Complaint did not allege the kind of particularized facts from which one could infer the existence of a conspiratorial agreement and because he did not allege that a racial- or otherwise class-based invidious discriminatory animus motivated the object of the conspiracy. II explained that if Mr. Maitland decided to amend, he must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, state the basis for his claims against each person he named, and ensure that the amended complaint was a complete document. (ECF No. 14 at 1.)

Mr. Maitland did not follow these instructions, and the allegations he makes now border on nonsensical. The Amended Complaint does not name each defendant in the caption, making it difficult to know who he intends to sue. In the body of the pleading, he mentions "Sergeant Nardone," an individual who he didn't mention in the original Complaint and whose affiliation he does not state. He claims he can "establish a vertically integrated conspiracy where administrative fraud was used to mask a high-tech siege," and there is an "agreement of malice" between officers across jurisdictions. (ECF No. 15 at 2.) Mr. Maitland asserts civil rights conspiracy claims under §§ 1985 and 1986 in the

Amended Complaint, and he might also be asserting a First Amendment retaliation claim pursuant to § 1983, though that's not clear.

Mr. Miller claims that Sgt. Nardone and Lt. Jones are sharing intelligence and that Sgt. Nardone "heard" Mr. Maitland went to Upper Chichester "to make a complaint about harassment" proving "that they were coordinating between each other about [Mr. Maitland's] records and complaints." (*Id.*) This "coordination was used to ensure" that three other individuals whose identity is unclear (but who might be be records custodians) "all issued the same 'Blanket Denials' to [his] records requests." (*Id.*) Sgt. Nardone had "the power to stop the harassment once he heard your complaint.[2] Instead his demeanor changed the moment you mentioned the Department of Justice" and instead of investigating the "John Doe Slanderer," he "cut off your witness, Dennis Killian, the moment the Bruster's parking lot was mentioned." (*Id.*) Mr. Maitland claims he can prove the harassment is not a "rogue officer" problem to allege a plausible municipal liability claim because, under the "Main Man Policy," Lt. Jones admitted he '"runs mostly everything' for Defendant Bush [which] proves [Chief Bush] delegated final authority to a subordinate" and Sgt. Nardone withholding an officer's identity to '"protect the Task

---

[2] Mr. Maitland's use of "you" and "your" in this portion of the Amended Complaint is difficult to understand. There is no clear antecedent individual to whom he is referring in using the pronouns.

3

Force' confirms a department policy of Self-Protection over Constitutional Compliance."

(*Id.*)

Mr. Maitland also claims there is a lack of oversight by the internal affairs unit in Aston that allows Sgt. Gianchristoforo to "'erase' informal complaints" as a "custom designed to facilitate constitutional violations." (*Id.*) When Mr. Maitland asked Sgt. Nardone about a "proof of formal complaint," Sgt. Nardone told Mr. Maitland that he would give it to his Chief Dan Ruggieri[3] to review, "proving the Chief had knowledge of slander incident with John Doe officer" who the complaint concerned. (*Id.*) Mr. Maitland claims the "result after that was even more intense harassment and Aston Township afterwords when I was doing my Uber Eats job and just driving through outside of Uber Eats." (*Id.*)

To allege municipal liability, Mr. Maitland claims there is a "sanctioned 14-month siege in Upper Chichester" and that Chief Bush and Lt. Jones "instructed AORO George Needles to obstruct the release of records and to state that specific logs did not exist," constituting a breach of fiduciary duty "designed to provide administrative cover for local undercover units and the CID/NTF who were executing the 14-month siege. By withholding the CAD/MDT 'Blue Halo' logs, the department committed Obstruction of

---

[3] After he submitted the Amended Complaint, Mr. Maitland filed a Supplemental Submission of Missing Summons and Praecipe to Correct Party List (ECF No. 17) in which he appears to request that Chief Ruggieri be added as a named Defendant. He also filed a correction for the address he provided for Chief Ruggieri. (ECF No. 18.)

Justice to prevent the identification of the assets involved in the acoustic battery of [Mr. Maitland's] residence."[4] (*Id.*) He also mentions a "fraudulent and unsubstantiated BOLO (Be On the Look Out) alert," containing baseless allegations of drug trafficking and violent tendencies, used to justify the surveillance. (*Id.*) Also, Lt. Jones allegedly went to Mr. Maitland's home to conduct a wellness check on July 19-20, which Mr. Maitland claims was retaliatory; he documented an Upper Chichester police vehicle "staging at the Dunkin Donuts adjacent to his residence" on March 8; "tactical noise strikes" including whistling pops and high decibel explosives that were executed at or near his residence on New Years Eve affecting his aged father, leading Bush and Jones to direct Needles to hide the "Blue Halo" logs. (*Id.* at 3.)

Finally, Mr. Maitland claims that he recorded a marked Springfield Township police interceptor parked "less than 100 feet from the delivery site." (*Id.*) This unit "provided the 'Staging Perimeter' while an undercover SUV/Truck executed the signal 'Zap,'" apparently disrupting his internet service. (*Id.*) Chieff Schull "instructed the issued Deemed Denials" about this incident and an individual named Karen Miller told Mr. Maitland that no records of the marked unit exist. (*Id.*)

---

[4] After he submitted his Amended Complaint, Mr. Maitland submitted a Notice (ECF No. 20) stating that the Pennsylvania Office of Open Records found that Upper Chichester Township "failed to meet its burden of proof in withholding CAD reports, rosters, and logs" that he requested, which Mr. Maitland asserts shows fraud and bad faith in earlier denials "used to muffle evidence of illegal surveillance." (*Id.*)

After Mr. Maitland submitted his Amended Complaint, he filed a "Notice of Federal Reporting & Oversight," stating he filed a report with the Federal Communications Commission Enforcement Bureau. Despite my instruction that any amended complaint must be a complete document, Mr. Maitland adds several allegations in his a "Notice of Federal Reporting & Oversight" that he did not include in the Amended Complaint. They are largely nonsensical, and it is unclear if Mr. Maitland intends them to be part of the facts underlying his claims in this case.[5]

## II.    STANDARD OF REVIEW

Because I granted Mr. Maitland *in forma pauperis* status, his Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B)(i) requires a judge to dismiss a complaint if it is frivolous and § 1915(e)(2)(B)(ii) requires dismissal if the complaint fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not

---

[5] The allegations include (a) an assertion that on February 5, 2026, a tractor trailer "associated with the Task Force" was positioned within one foot of his father "at the Total Wine intersection" and this "act of physical intimidation immediately preceded [his] appearance at the Courthouse and constituted a direct threat" to his safety (ECF No. 19); (b) he filed an FCC complaint because, two days after the truck near the Total Wine, he was allegedly followed for a quarter mile from his home to the Total Wine store where his car was "zapped" and he could not turn it off for 30 seconds to a minute after being shot "with unknown IMSI Device or Stingray" (*id*); (c) the next day, his cell phone was as "hot as a heater in -12f wind-chill" (*id*.); (d) a "Tornado" unit's involvement in a fireworks incident on July 4, 2025; and (e) a reckless driving incident where he was brake checked and boxed in by "undercover units" while driving for Uber Eats. (*Id*.)

only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* at 325. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327-28; *see also Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003). A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992)). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States,* 67 F.3d 1080, 1085 (3d Cir. 1995).

An inquiry under § 1915(e)(2)(B)(ii) applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States,* 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal,* 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel,* 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

In dismissing the Complaint, I instructed Mr. Maitland that to allege a plausible civil rights conspiracy claim under § 1985, he must allege facts showing the following elements: (a) a conspiracy; (b) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (c) an act in furtherance of the conspiracy; and (d) an injury to a person or property or the deprivation of any right or privilege of a citizen of the United States. *Maitland*, 2026 WL 688302 at *3 (citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)). Because Mr. Maitland has failed to allege that race- or class-based animus motivated the actions he describes, his § 1985 claim is not plausible. *Id.* (citing *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) Any derivative claim under § 1986 is also not plausible. *Black v. Bayer*, 672 F.2d 309, 312-13 n.4 (3d Cir. 1982).

Mr. Maitland's First Amendment retaliation claim, brought under 42 U.S.C. § 1983, is also not plausible and rises to the level of factual frivolousness. To be plausible, a plaintiff must allege facts that (a) he engaged in protected speech or activity; (b) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising their constitutional rights; and (c) a causal link exists between the protected conduct and the adverse action. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Mr. Maitland's allegations that law enforcement retaliated against him by targeting him with tactical noise strikes, digital signal zaps, unknown IMSI or Stingray devices,

8

shared intelligence, conducting a "sanctioned 14-month siege," creating a "Staging Perimeter," and conducting Blue Halo operations are the type of allegations federal courts routinely dismiss as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.[6] I will therefore dismiss any First Amendment retaliation claim.

Finally, as Mr. Maitland fails to allege a viable underlying violation of his constitutional rights, any official capacity/municipal liability claims is also not plausible. "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

## IV.    CONCLUSION

Because Mr. Maitland's claims are not plausible or frivolous, I will dismiss his Amended Complaint. I will not grant further leave to amend because Mr. Maitland has had two opportunities to plead his case and because his latest allegations make clear that any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002). An appropriate Order follows.

---

[6] *See, e.g., West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*); *Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*); *Mina v. Chester County*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*); *Harley v. City of Phila. City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021).

**BY THE COURT:**

_/s/ Joshua D. Wolson_

**JOSHUA D. WOLSON, J.**

March 27, 2026